# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PharMerica Mountain, LLC d/b/a PharMerica,

    Plaintiff

v.

RCSRP Corporation d/b/a Desert Hills PostAcute & Rehabilitation Center, and MMMT Corporation,

    Defendants

Case No.: 2:20-cv-00732-JAD-EJY

**Order Granting Motion for Attorneys' Fees**

[ECF No. 23]

Last year, I granted plaintiff PharMerica Mountain, LLC default judgment on its breach-of-contract and breach-of-implied-contract claims against defendants RCSRP Corporation and MMMT Corporation, respectively.[1] In that default-judgment order, I "conclude[d] that PharMerica is entitled to recover reasonable attorneys' fees under its express contract with RCSRP but not under its implied contract with MMMT."[2] Because PharMerica "intend[ed] to separately file a motion for legal fees and costs" under this district's Local Rule 54-14, I did not award it those fees at that time.[3] PharMerica now seeks attorneys' fees and costs in the total amount of $32,561.60 from both defendants.[4] I find its requested fees reasonable under the

---

[1] ECF No. 21.

[2] *Id.* at 9; *see* Nev. Rev. Stat. § 18.010(1) ("The compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law.").

[3] ECF No. 21 at 9 (citing ECF No. 18 at 9; ECF No. 18-4; ECF No. 18-6).

[4] ECF No. 23 at 2. This total amount is the sum of $31,519 (attorneys' fees) and $1,042.60 (costs). *Id.*

factors laid out by the Nevada Supreme Court in *Brunzell v. Golden Gate National Bank*,[5] so I grant its motion in part, awarding fees the itemized costs ordinarily allowed under this court's local rules against RCSRP only.

## Discussion

Federal courts sitting in diversity determine the reasonableness of attorneys' fees awarded under state law.[6] Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness."[7] One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[8]

Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*.[9] They include:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing, and skill;
>
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time, and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
>
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
>
> (4) the result: whether the attorney was successful and what benefits were derived.[10]

---

[5] *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969) (listing factors relevant to the reasonableness of attorneys' fees).

[6] *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

[7] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (internal quotation marks omitted).

[8] *Id.* at 549 & n.98 (internal quotation marks omitted).

[9] *Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) (citing *Brunzell*, 455 P.2d at 33).

[10] *Brunzell*, 455 P.2d at 34.

Finally, Local Rule 54-14 requires any application for attorneys' fees to include, as relevant here, an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[11]

Here, PharMerica requests the $31,519 in attorneys' fees incurred in collecting payment on its contract with RCSRP, including all work completed related to this litigation.[12] PharMerica includes affidavits and billing records showing that eight attorneys—including a local bankruptcy-law specialist—and a paralegal worked on this matter at rates between $145 and $575 per hour.[13] PharMerica arrives at the lodestar amount by multiplying those rates by the 118.4 hours worked.[14]

I have reviewed PharMerica's motion, declarations, and billing records in light of both the *Brunzell* factors and Local Rule 54-14. I find the rates charged and amount of work performed to be reasonable based on the local legal market and circumstances of this case. I also find that the request for fees is properly supported by evidence. So I grant the motion in part and award PharMerica the $31,519 in attorneys' fees it incurred while litigating this matter. But I deny the motion in part because PharMerica may only seek satisfaction of these fees from one of the two defendants, RCSRP. As to its request for costs, PharMerica's motion seeks $1,042.60,[15] but those costs include numerous line items not ordinarily allowed under this district's local

---

[11] L.R. 54-14 (a)–(b).
[12] ECF No. 23 at 12.
[13] ECF No. 23-4.
[14] *Id.*
[15] ECF No. 23 at 12.

3

rules, so I award PharMerica $710.47 in costs only.  I disallow costs related to computer research and *pro hac vice* admission.[16]

**Conclusion**

IT IS THEREFORE ORDERED that PharMerica Mountain, LLC's motion for attorneys' fees **[ECF No. 23] is GRANTED in part and DENIED in part**.  I award PharMerica $32,229.47 in attorneys' fees and costs against defendant RCSRP Corporation only.  The Clerk of the Court is directed to **ENTER AN AMENDED JUDGMENT** accordingly.

_____
U.S. District Judge Jennifer A. Dorsey
February 28, 2022

---

[16] *See* L.R. 54-11(f)–(g) (computer-research fees and *pro hac vice* admission fees not ordinarily allowed).